UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __23-cr-60216-SMITH/AUGUSTIN-BIRCH__
18 U.S.C. § 1962(d)
18 U.S.C. § 1963

**UNITED STATES OF AMERICA**

v.

**FRANCISCO ASIAIN BAHENA,**

        **Defendant**.
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT 1

### The Enterprise

1. At all times relevant to this Information, the defendant,

**FRANCISCO ASIAIN BAHENA,**

and other persons known and unknown to the United States Attorney, were members and associates of an organization that engaged in various forms of criminal activity, including, but not limited to, money laundering, drug trafficking, and operating an unlicensed money transmitting business. The organization, including its leaders, members, and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact although not a legal entity, which engaged in, and the activities of which affected, interstate and foreign commerce (hereinafter, the "Enterprise"). The Enterprise

constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

2. The Defendant and other members and associates of the Enterprise acted under the authority of a criminal organization operating from the states of Morelos and Guerrero, Mexico (hereinafter the Morelos/Guerrero Organization or the "MGO"), a Mexican criminal organization which engages in wide-ranging criminal activities, including manufacturing, transporting, and distributing heroin, fentanyl, methamphetamine, and other controlled substances from Mexico into the United States and laundering of illegal proceeds generated from the sale thereof.

3 The MGO maintained organized criminal factions in various geographic regions of the United States, including Birmingham, Alabama; New York City, New York; Chicago, Illinois; Dayton, Ohio; Raleigh, North Carolina; Greensboro, North Carolina; Atlanta, Georgia; and Fort Lauderdale, Florida, among others, and utilized residences in these municipalities to store controlled substances and U.S. currency generated from the sale of controlled substances.

4. The MGO illegally imported heroin, fentanyl, methamphetamine, and other controlled substances into the United States from Mexico concealed in automotive vehicle parts, among other methods of transport.

### Purposes of the Enterprise

5. The purposes of the Enterprise included the following:

    a. Enriching members and associates of the Enterprise through the commission of criminal acts, including the unlawful importation and distribution of controlled substances and the illegal laundering of the cash proceeds therefrom; and

    b. Laundering millions of dollars in cash proceeds generated from the distribution of controlled substances through conversion of the cash proceeds into Bitcoin and

other cryptocurrency in order to maintain anonymity and to expedite the transfer of the proceeds to Mexico, Colombia, and elsewhere.

## Manner and Means of the Enterprise

6. The Defendant operated, supervised, managed and controlled a criminal network which involved the sale of controlled substances, the transportation of the illegal proceeds and the conversion of those proceeds into cryptocurrency.

7. Pursuant to instructions from the Defendant, the enterprise members used automotive vehicles equipped with concealed compartments known as "traps" in order to transport the U.S. currency and to obstruct law enforcement surveillance.

8. During the course of transferring the illegal proceeds, enterprise members used tokens, that is, portions of a previously provided U.S. dollar bill and the serial numbers thereon to confirm and corroborate the identity of the person receiving the U.S. currency.

9. The Enterprise members and associates used electronic money counting machines to confirm the amounts of U.S. currency delivered between enterprise members.

10. Enterprise members and associates transported the U.S. currency to South Florida and elsewhere, where other enterprise members received the U.S. currency and converted it into cryptocurrency.

11. Enterprise members and associates provided the identifying numbers associated with the cryptocurrency wallets in order to electronically transmit the cryptocurrency.

12. Enterprise members and associates would be directed to transfer the cryptocurrency between cryptocurrency wallets until the cryptocurrency reached enterprise members outside the United States.

## The Conspiracy

13. From in or about 2019, and continuing through in or about May 2023, in the Southern District of Florida, and elsewhere, the Defendant,

**FRANCISCO ASIAIN BAHENA,**

being a person employed by and associated with the Enterprise, as described hereinabove, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly, willfully, and unlawfully combined, conspired, confederated, and agreed with other persons known and unknown to the United States Attorney, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5) and consisting of the following;

A. Multiple Acts Involving:

    1. dealing in controlled substances and listed chemicals, in violation of Sections 893.03 and 893.13, Florida Statutes;

B. Multiple Acts Indictable Under the Following Provisions of Federal Criminal Law;

    1. Title 18, United States Code, Section 1956 (the Laundering of Monetary Instruments);

    2. Title 18, United States Code, Section 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity);

    3. Title 18, United States Code, Section 1960 (Illegal Money Transmitters); and

C. Multiple Offenses Involving the Distribution of Controlled Substances, in violation of Title 21, United States Code, Sections 841, 846, 952 and 963.

14. It was part of the conspiracy that the Defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

### Roles and Responsibilities of the Defendant in the Enterprise

15. **FRANCISCO ASIAIN BAHENA** (hereinafter referred to as "the Defendant") was the organizer, supervisor, and leader of the Enterprise. The Defendant negotiated and arranged for the unlawful importation of heroin and methamphetamine from Mexico to the United States. The Defendant managed the transportation of illegal proceeds, in the form of U.S. currency, from locations throughout the United States and the delivery of the proceeds to individuals who would convert the U.S. currency into cryptocurrency. The Defendant arranged for the conversion of the cash proceeds into cryptocurrency with persons who acted as professional international money launderers.

### Acts in Furtherance of the Enterprise

16. On or about March 9, 2020, an individual transported fifteen (15) kilograms of heroin into the Southern District of Florida on behalf of the Enterprise.

17. For the six (6) months prior to March 2020, the individual had received large amounts of US currency derived from the sale of controlled substances, and had converted the U.S. currency into Bitcoin, a form of cryptocurrency. The individual acted on behalf the Defendant who was based in Mexico. Pursuant to instructions from the Defendant, the individual electronically transferred the illegal proceeds to a Bitcoin "wallet" supplied by the Defendant.

18. Subsequently, the Defendant began to communicate directly with an undercover law enforcement agent (UCA) via WhatsApp and telephonic communications. The UCA portrayed himself as a South Florida-based money launderer capable of receiving illegal proceeds throughout various cities in the United States and converting the proceeds into cryptocurrencies,

specifically Bitcoin. For a percentage fee, the UCA would electronically transfer the Bitcoin into a Bitcoin wallet provided by the Defendant.

20. The Defendant's associates delivered illegal proceeds in the form of U.S. currency to undercover law enforcement personnel in the following cities: Birmingham, Alabama; New York City, New York; Chicago, Illinois; Dayton, Ohio; Raleigh, North Carolina; Greensboro, North Carolina; Atlanta, Georgia; and Fort Lauderdale, Florida. Since July 2020, the Defendant has directed fifty (50) bulk currency pickups of U.S. currency totaling $6,978,888, which were converted into Bitcoin and other cryptocurrencies. The funds were then transferred to other conspirators.

21. Since in or about January 2021, the Defendant has met with the UCA in the United States on six (6) occasions.

22. In or about May 20, 2021, the Defendant traveled to Broward County, Florida and met with the UCA and discussed having the UCA build hidden compartments ("traps") in a vehicle used by an associate of the Defendant. The Defendant further stated that the "trap vehicle" would strictly be used to transport (smuggle) money (illegal proceeds). The Defendant also discussed the importation of controlled substances from Mexico into the United States.

23. In or about June and July 2021, an associate of the Defendant supplied a vehicle to the UCA for the purpose of constructing "traps" inside the vehicle. In December 2021, an associate of the Defendant asked the UCA to build "traps" in a second vehicle.

24. Once the traps were constructed and the vehicles were returned to the Defendant's associates, the two "trap" vehicles operated simultaneously, traveling throughout the Eastern United States to pick up and deliver the illegal proceeds to persons in South Florida.

25. In or about January 2022, the Defendant traveled to Chicago and discussed with the UCA potential drug trafficking from Mexico into the United States. The Defendant discussed various locations in Texas where the Defendant could illegally import controlled substances from Mexico to the UCA which could be distributed throughout the United States. The Defendant discussed the price per kilogram of heroin in Mexico and the potential profit to be made in the United States.

26. During the month of October 2022, the Defendant planned the importation of methamphetamine from Mexico into the United States. During the month of December 2022, on two occasions, the Defendant delivered approximately 22.5 pounds of methamphetamine in exchange for $56,500.

## Notice of Enhanced Sentencing

27. From in or about 2019, and continuing through in or about May 2023, in the Southern District of Florida, and elsewhere, the Defendant,

**FRANCISCO ASIAIN BAHENA,**

did knowingly and willfully conspire with persons known and unknown to the United States Attorney to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. It is further alleged that with respect to the defendant, **FRANCISCO ASIAIN BAHENA,** the controlled substances attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are one (1) kilogram of more or a mixture and substance containing a detectable amount of heroin and five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

28. From in or about 2019, and continuing through in or about May 2023, in the Southern District of Florida, and elsewhere, the Defendant,

**FRANCISCO ASIAIN BAHENA,**

did knowingly and willfully conspire with persons known and unknown to the United States Attorney to import into the United States, from a place outside thereof, controlled substances, in violation of Title 21, United States Code, Sections 952(a) and 963. It is further alleged that with respect to the defendant, **FRANCISCO ASIAIN BAHENA,** the controlled substances attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin and five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Tile 21, United States Code, Section 960(b)(1).

All in violation of Title 18, United States Code, Section 1962(d).

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **FRANCISCO ASIAIN BAHENA**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1962, as alleged in this Information, the defendant shall forfeit to the United States, irrespective of any provision of State law, and pursuant to 18 U.S.C. § 1963(a): (1) any interest the defendant acquired or maintained in violation of Section 1952; (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (3) any property constituting, or derived from, any proceeds

which the defendant obtained, directly or indirectly, from racketeering activity, in violation of Section 1962.

All pursuant to Title 18, United States Code, Section 1963 and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*[signature]*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*[signature]*
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: __23-cr-60216-SMITH/AUGUSTIN-BIRCH__

v.

FRANCISCO ASIAIN BAHENA,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)             (Check only one)
   I   ☒ 0 to 5 days            ☐ Petty
   II  ☐ 6 to 10 days           ☐ Minor
   III ☐ 11 to 20 days          ☐ Misdemeanor
   IV  ☐ 21 to 60 days          ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 23-mj-6199-HUNT

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of May 4, 2023

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _/s/ Jeffrey Kaplan_____
JEFFREY KAPLAN
Assistant United States Attorney
Court ID No.   5500030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>FRANCISCO ASIAIN BAHENA</u>

**Case No**: _____

Counts #: 1

<u>RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d)</u>
* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years'
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 23-cr-60216-SMITH/AUGUSTIN-BIRCH |
| FRANCISCO ASIAIN BAHENA, | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

United States Magistrate Judge
*Judge's printed name and title*